**UNITED STATES of America, Plaintiff,**

v.

**Lloyd D. BAKER and Terrell Thompson, Defendants.**

**No. CR–91–0257 RFP.**

United States District Court, N.D. California.

April 28, 1992.

Stephen Meagher, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Harold Rosenthal, San Francisco, Cal., for defendant Baker.

Arthur Greenspan, Los Angeles, Cal., for defendant Thompson.

## MEMORANDUM AND ORDER

PECKHAM, Senior District Judge.

On November 19, 1991 Defendants Baker and Thompson each pled guilty to the charge of possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), approximately one kilogram of a substance containing cocaine base. They came before the court for sentencing on April 21, 1992. After hearing arguments of counsel and the government for several hours the matter was set down for a further hearing on April 28, 1992. After considering the arguments made by counsel and the government and listening to the statements of the defendants, this court now imposes the following sentences pursuant to the terms of the sentencing guidelines.

## A. *Lloyd D. Baker:*

Defendant Baker pled guilty to the charge of possession of a kilogram of crack cocaine in a plea agreement with the government. The base offense level for this crime is level 36 under Section 2D1.1(c)(4) of the guidelines.

Defendant Baker has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Section 3E1.1. Thus, a two point reduction in the offense level is warranted.

■ Mr. Baker's plea agreement states the agreement of the parties that Mr. Baker was a "minor participant" in the entire course of criminal conduct involved in the case and that a further two point reduction in the offense level is warranted pursuant to § 3B1.2. The evidence indicates that Mr. Baker negotiated the arrangements for the sale of the kilogram of crack cocaine at issue in this case. Because Mr. Baker is the only participant in the crime charged, we cannot apply the reduction provided in Section 3B1.2 for minor participation. *See United States v. Zweber,* 913 F.2d 705, 708–09 (9th Cir.1990) (In determining whether downward departure was required due to minor nature of defendant's role in offenses, court could only consider offenses charged and could not consider defendant's relatively minor role in collateral and uncharged offenses).

Although the court is not inclined to disturb the government's concession that Mr. Baker's role in the entire course of criminal conduct was minor, the single participant nature of the offense with which Mr. Baker was charged renders his role in the overall course of criminal conduct irrelevant for the purpose of Section 3B1.2 of the sentencing guidelines. Given the constraints of *Zweber* the court cannot give effect to the plea agreement's stipulation of a two point reduction in the offense level under Section 3B1.2.

■ Nonetheless, a further departure from the offense level is warranted in the calculation of Mr. Baker's sentence under § 5K2.0 of the sentencing guidelines. Mr. Baker's participation in this offense was a single act of aberrant behavior. There is no indication that Mr. Baker has ever been associated with illegal drug use or trafficking prior to this incident. It appears to this court that this was an isolated incident in which he succumbed to the temptation of easy money.

Under these circumstances a downward departure is warranted under § 5K2.0, which allows the court to sentence outside the guideline range if the court finds, "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that prescribed." The Ninth Circuit has recently advised that such a departure for aberrant behavior is warranted due to the failure of the Commission to consider such issues in drafting the guidelines. *See United States of America v. Edwin Morales,* 92 C.D.O.S. 3305 (April 17, 1992) (district court erred in thinking that "aberrant behavior" is not a permissible basis for departure).

Because this court is satisfied that this incident was, for Mr. Baker, an aberrant incident of criminal behavior, the court is departing down to the ten year statutory minimum required for the offense charged. Thus, Mr. Baker will be sentenced to 120 months in custody and five years supervised release.

## B. *Terrell Thompson:*

As noted above, Terrell Thompson also pled guilty to the charge of possession with intent to distribute one kilogram of crack cocaine. Unlike Mr. Baker, however, Mr. Thompson does not come before the court as the beneficiary of a plea agreement with the government. Mr. Thompson was charged with this offense because he transported the drugs to the point of sale according to the instructions of an individual named "Chris". The purchasers were actually undercover agents, however, and when Mr. Thompson arrived at the appointed location drug enforcement agents attempted to arrest him. He tried to avoid the offi-

cers by fleeing at high speed. Mr. Thompson's flight ended when he crashed into a federal agent's BMW parked in the road to serve as a road block.

■ Mr. Thompson has two prior convictions for giving false information to a peace officer and grand theft auto. The instant offense occurred while he was on probation. Under the guidelines this would warrant four criminal history points and result in his being placed in Category III of the Criminal History scale. Because this court considers that this criminal history computation significantly over represents the seriousness of his past conduct, the court will lower him to a category I pursuant to § 4A1.3.

■ As with Mr. Baker, the base offense level for Mr. Thompson is 36. As noted above, however, Mr. Thompson attempted to evade arrest by flight at high speed through a residential neighborhood, which came to an end only when he smashed his car into the government vehicle parked in the road. This court views this conduct as "reckless endangerment during flight" and to require a two point increase in Mr. Thompson's offense level, pursuant to § 3C1.2 of the guidelines.

Mr. Thompson has demonstrated a recognition and an affirmative acceptance of responsibility for his criminal conduct within the meaning of § 3E1.1. This warrants a two point reduction.

■ Moreover, a further downward departure is warranted in Mr. Thompson's case due to the relatively minor role played by Mr. Thompson in the overall criminal activity at issue in this case. Because Mr. Thompson was the sole participant in the crime charged, however, we cannot invoke the minor participant provision of Section 3B1.2 as a basis for a downward departure. *See United States v. Zweber,* 913 F.2d 705, 708–09 (9th Cir.1990). Nonetheless, we consider Mr. Thompson's minor role in the overall criminal activity to warrant a departure under Section 5K2.0 which, as discussed above, provides for a departure where "there exists a ... mitigating circumstance of a kind ... not adequately

taken into consideration by the Sentencing Commission...[.]" The Ninth Circuit has recently interpreted this section to allow a court to depart downward from the guideline range where the court has properly identified a defendant's role in the offense to represent a degree of blamelessness "substantially in excess of that which ordinarily is involved in the offense". *United States v. Valdez Gonzalez,* 92 C.D.O.S. 1346, 1347 (February 19, 1992) (downward departure warranted due to defendants' role as "mules").

Similarly, the Third Circuit has invoked Section 5K2.0 to warrant a downward departure where a defendant's role in events surrounding the conviction is minimal. *See United States v. Bierley,* 922 F.2d 1061 (3d Cir.1990). The Third Circuit found that the exclusive application of the "minimal participant" adjustment of Section 3B1.2 to considerations of a defendant's role in the *actual offense of conviction* demonstrated that the Sentencing Commission failed to consider adequately the role of the defendant in *conduct surrounding the offense of conviction.*

In this case, it appears that Mr. Thompson did nothing more than transport the drugs to the point of sale, following the instructions he received from "Chris". There is no indication that Mr. Thompson was ever previously involved in the illegal enterprise fueling the drug sales. By the terms of its own plea agreement with Mr. Baker, the government acknowledged that it considered Mr. Baker, who made the arrangements for the sale, to be a minor participant in the overall criminal conduct at issue in the case. If Mr. Baker can be considered to have a minor role in the enterprise, the same must certainly be said for Mr. Thompson. Although we recognize that the "minor participant" reduction is not available as a ground for a downward departure in this case, the government's attempt to apply it indicates the realization that these defendants were not major players in this drug activity. Moreover, the government's reliance on a provision of the sentencing guidelines which does not allow downward departure for either of these defendants (due to the solitary nature of

the charges against them) demonstrates the failure of the sentencing commission to consider the mitigating nature of a defendant's role in the overall criminal conduct at issue.

The considerations that informed the government's attempt to effect a sentencing reduction in the case of Mr. Baker are no less applicable in the case of Mr. Thompson. Mr. Thompson's role was limited to the transportation of the drugs to the point of sale. This court is puzzled by the fact that the government did not suggest this reduction for Mr. Thompson in light of the nature of his role in the case.

The conclusion that Thompson played a rather limited and narrow role in the underlying criminal activity is further supported by the complete lack of evidence of prior involvement with drugs. He was the recipient of a football scholarship to Grambling State University and had he not committed this crime he might be there today, instead of facing a significant prison sentence. During the sentencing hearing he explained to the court that he agreed to transport the drugs because he was approached by an acquaintance with whom he played basketball at the Oakland Boys Club. He claims to have agreed to deliver the drugs in exchange for $250 in a misguided attempt to obtain quick money to support his pregnant fiance while he was attending college.

We consider Mr. Thompson's lack of involvement in the overall criminal conduct at issue in this case to indicate his marginal culpability in this crime. Thus, we consider a downward departure to be warranted pursuant to Section 5K2.0 as the sentencing commission did not consider the role of the defendant in the entire criminal enterprise when outlining the mitigating factors that should be considered in setting a sentence. Accordingly, Mr. Thompson will be sentenced to 151 months in custody and five years supervised release.

IT IS SO ORDERED.