**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONNIE R. BOLDEN,

Defendant-Appellant.

No. 96-3274

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-CR-40062)

---

Randy M. Hendershot, Assistant United States Attorney, (Jackie N. Williams,
United States Attorney, with him on the brief), United States Attorney's Office,
Topeka, Kansas, for Appellee.

Charles D. Dedmon, Assistant Federal Public Defender, (David J. Phillips,
Federal Public Defender, with him on the brief), Federal Public Defender for the
District of Kansas, Topeka, Kansas, for Appellant

---

Before **TACHA, McKAY,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

Donnie Bolden pleaded guilty to attempted bank robbery and was sentenced to a fifty-one month term of imprisonment pursuant to the United States Sentencing Guidelines ("U.S.S.G.").[1]  Bolden appeals his sentence on two grounds.  First, he claims the district court erred in enhancing his sentence five levels for possession of a firearm.  Second, Bolden contests the district court's failure to reduce his sentence under U.S.S.G. § 2X1.1, which addresses attempts.  We affirm.

BACKGROUND

In 1995, Chris Stapleton, an acquaintance of Bolden, became a confidential informant for the Kansas Bureau of Investigation.  Bolden and Stapleton planned a robbery of Bank IV in which they would split the proceeds.  Through use of a wire worn by Stapleton, the FBI was able to monitor conversations between Bolden and Stapleton regarding the logistics of the robbery plan.  Pursuant to their robbery plan, Stapleton obtained a firearm.  The firearm was an inoperable weapon supplied by the Kansas Bureau of Investigation.

On August 18, 1995, the two arrived at Bank IV and parked their car.  According to their plan, Bolden was to wait in the car for Stapleton to complete

---

[1]The 1995 United States Sentencing Guidelines are applied in this case.  All citations to the Sentencing Guidelines therefore reference the Guidelines in effect in 1995.

the bank robbery and then Bolden would drive the getaway car. Stapleton left the car with the firearm and walked towards the bank. As soon as Stapleton was out of Bolden's view, Bolden was arrested. Bolden pleaded guilty to attempted bank robbery and was sentenced to a fifty-one month term of imprisonment pursuant to the Sentencing Guidelines.

This court reviews legal questions regarding the application of the Sentencing Guidelines *de novo. See United States v. Farnsworth*, 92 F.3d 1001, 1007 (10th Cir.), *cert. denied*, 117 S. Ct. 596 (1996); *United States v. Santiago*, 977 F.2d 517, 524 (10th Cir. 1992). Factual findings of the district court are reviewed for clear error. *See United States v. Kissick*, 69 F.3d 1048, 1051 (10th Cir. 1995); *Santiago*, 977 F.2d at 524.

## FIREARM ENHANCEMENT

Section 2X1.1 of the Sentencing Guidelines, which covers attempt, solicitation, and conspiracy, provides that the base offense level for an attempted offense is "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). "Substantive offense" is defined in the commentary as "the offense that the defendant was convicted of soliciting, attempting, or conspiring to commit." *Id.* § 2X1.1 Application Note 2.

In this case, Bolden pleaded guilty to attempted robbery.  The substantive guideline covering robbery provides a five-level enhancement "if a firearm was brandished, displayed, or possessed."  *Id*. § 2B3.1(b)(2)(C).  Bolden contends the district court erred in  imposing a five-level enhancement pursuant to this section for two reasons.  First, Bolden argues the government failed to meet its burden of proving the firearm was "brandished, displayed or possessed" during the course of the attempted robbery.  In his written objections to the Presentence Investigation Report, he asserted:

> Certainly, the weapon was not brandished or displayed to any of the victims.  In addition, while the weapon apparently was possessed at some time by the government agent, it was not possessed in the bank by the government agent.

Second, Bolden challenges the district court's conclusion that the firearm possessed solely by Stapleton could be attributed to Bolden for purposes of enhancing his sentence.  Both of these arguments fail.

Section 2X1.1 of the Sentencing Guidelines clearly provides that the base offense level for a defendant who "attempts" to commit a substantive offense is adjusted "for any intended offense conduct that can be established with reasonable certainty."  *Id*. § 2X1.1(a).  In sentencing a defendant who attempts to commit a crime, therefore, the court looks not only at the completed conduct but also at conduct intended by the defendant.  The commentary explaining the application of this guideline clearly illustrates that when a defendant plans an

-4-

armed robbery, the defendant's sentence may be enhanced for the possession of a weapon even if the robbery is thwarted by law enforcement officers before its execution. It states:

> [I]f two defendants are arrested during the conspiratorial stage of planning an armed bank robbery, the offense level ordinarily would not include aggravating factors regarding possible injury to others, hostage taking, discharge of a weapon, or obtaining a large sum of money, because such factors would be speculative. The offense level would simply reflect the level applicable to robbery of a financial institution, *with the enhancement for possession of a weapon*.

*Id*. § 2X1.1 Application Note 2 (emphasis added); *see also United States v. Jones*, 950 F.2d 1309, 1316-17 (7th Cir. 1991) (upholding weapon enhancement for defendant who pleaded guilty to soliciting another person to help commit bank robbery because there was ample evidence the defendant planned to use a firearm during the robbery and noting "[t]hat the robbery never actually took place is irrelevant to the district court's computation").

The government was therefore not required to prove that the firearm was actually "brandished, displayed, or possessed" during the robbery, but only that it was Bolden's intent that such conduct would take place. Bolden does not dispute that this was his intent. The count to which he pleaded guilty explicitly stated that

> the defendant, Donnie R. Bolden, did knowingly and intentionally attempt to take from the person or presence of another, money or property or a thing of value, to wit: United States currency, by force, violence and intimidation . . . and in committing said offense, the

-5-

> defendant did assault and put in jeopardy the lives of other persons
> by the *use of a dangerous weapon, to wit: a handgun.*

(Emphasis added.) Furthermore, at the sentencing hearing, Bolden's counsel explicitly agreed it was Bolden's intent that Stapleton would use the firearm during the robbery. In arguing before the district court, counsel stated: "Mr. Bolden expected [Stapleton] to use the gun. . . . so there was intent." Bolden's only contention is that the government failed to prove Stapleton actually entered the bank with the firearm. Under U.S.S.G. § 2X1.1(a), such a showing was not necessary.[2]

Bolden's second argument in opposition to the enhancement is that the possession of a firearm by Stapleton could not be attributed to him as relevant conduct. Under § 1B1.3(a)(1)(A) of the Sentencing Guidelines, a defendant's base offense level and specific offense characteristics are determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." Bolden contends that there was no "act" for purposes of § 1B1.3(a)(1)(A) because the government did not prove the firearm was actually possessed in the bank. U.S.S.G. § 2X1.1(a),

---

[2]Given this court's determination that there did not need to be actual brandishment, display, or possession of the firearm in the bank as long as intent to engage in such conduct was established with reasonable certainty under § 2X1.1(a), we need not consider the defendant's argument that the district court failed to make an appropriate factual finding on this matter nor do we need to address the government's waiver argument.

however, requires this court to examine all intended offense conduct that is established with reasonable certainty.

To enhance Bolden's sentence, the facts need only show that Bolden aided, abetted, or counseled possession of the firearm pursuant to the intended robbery plan. This is clearly established by the record. Together Bolden and Stapleton formulated the robbery plan which included use of a firearm; Bolden instructed Stapleton on how to enter the bank and threaten the bank teller; and Bolden does not contest he intended that Stapleton would use the firearm in the robbery. These facts show that Bolden aided, abetted, and counseled an attempted *armed* bank robbery. Bolden is therefore liable for Stapleton's possession of a gun pursuant to the robbery plan. *Cf. United States v. Lockhart*, 37 F.3d 1451, 1454 (10th Cir. 1994) (holding quantity of drugs, even if not foreseeable to defendant, may be attributed to him under U.S.S.G. § 1B1.3(a)(1)(A) where he "personally participated" in the transaction by driving co-defendant to location where transaction was to take place with knowledge that purpose of trip was to obtain cocaine); *United States v. Lambert*, 995 F.2d 1006, 1008 (10th Cir. 1993) (focusing inquiry of whether defendant is liable for co-defendant's express threat of death during robbery under U.S.S.G. § 1B1.3(a)(1)(A) on intent and stating "if defendant intended that the death threat was to be made, he would then be responsible for it under [§ 1B1.3(a)(1)(A)]").

Bolden also argues that conduct engaged in by a confidential informant should not be considered an "act" within the meaning of § 1B1.3(a)(1)(A) because the informant lacks criminal intent. We disagree. Bolden intended that a firearm would be used to rob the bank and he counseled that act. Under the plain language of the Sentencing Guidelines, Bolden is liable for all acts that he "aided, abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 1B1.3(a)(1)(A). The fact that Bolden's coconspirator was an informant and therefore not criminally liable for the conduct himself does not absolve Bolden from responsibility for an act he directly aids, abets, and counsels. The district court therefore did not error in enhancing Bolden's sentence five levels for the possession of a firearm.[3]

DENIAL OF A REDUCTION UNDER § 2X1.1

Bolden's second contention on appeal is that the district court erred in not granting him a three-level reduction pursuant to § 2X1.1(b)(1), which provides:

> If an attempt, decrease by **3** levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts

---

[3]Having determined that Bolden aided, abetted, and counseled the possession of a firearm under U.S.S.G. § 1B1.3(a)(1)(A), this court need not decide whether the act of an informant which is not directly aided, abetted, or counseled by a defendant may nevertheless be attributed to the defendant as relevant conduct under U.S.S.G. § 1B1.3(a)(1)(B).

but for apprehension or interruption by some similar event beyond the defendant's control.

*Id*. § 2X1.1(b)(1).

The district court found that Bolden had "completed all of the acts which he believed to be necessary for the successful completion of the substantive offense" and that Bolden did nothing to interrupt the completion of the criminal conduct. Bolden does not appear to dispute these factual findings and we cannot say the district court's findings are clearly erroneous. The undisputed facts indicate that Bolden drove Stapleton to the bank, instructed him on how to proceed with the robbery, and was merely waiting for Stapleton to return with the money.

When a defendant has completed all acts he believes are necessary for the successful completion of an offense, he is not entitled to a reduction under § 2X1.1(b)(1). *See Santiago*, 977 F.2d at 527 (holding defendant not entitled to reduction under U.S.S.G. § 2X1.1(b)(1) when he had completed all acts he believed necessary to carry out fraud); *United States v. Medina*, 74 F.3d 413, 418 (2d Cir. 1996) (denying reduction and stating "[t]he fact that [defendant's] scheme was monitored by the police from an early stage does not render him and his co-conspirators any less accountable for arriving at the construction company's doorstep armed and ready to execute their [robbery] plan"); *United States v. Johnson*, 962 F.2d 1308, 1313-14 (8th Cir. 1992) (finding no reduction is

warranted when bank robberies would have been completed but for intervention of law enforcement officers).

Bolden, however, argues that under Application Note 4 to U.S.S.G. § 2X1.1, the district court was required to grant him a three-level downward adjustment in light of its enhancement of his sentence for firearm possession. The Application Note provides:

> In certain cases, the participants may have completed (or have been about to complete but for apprehension or interruption) all of the acts necessary for the successful completion of part, but not all, of the intended offense. In such cases, the offense level for the count (or group of closely related multiple counts) is whichever of the following is greater: the offense level for the intended offense minus 3 levels (under § 2X1.1(b)(1), (b)(2), or (b)(3)(A)), or the offense level for the part of the offense for which the necessary acts were completed (or about to be completed but for apprehension or interruption). For example, where the intended offense was the theft of $800,000 but the participants completed (or were about to complete) only the acts necessary to steal $30,000, the offense level is the offense level for the theft of $800,000 minus 3 levels, or the offense level for the theft of $30,000, whichever is greater.

U.S.S.G. § 2X1.1 Application Note 4.

Bolden admits that he completed all of the acts necessary for *part of the offense*, attempted robbery without the use of a firearm, but contends he had not completed and was not about to complete the acts necessary for the *entire offense*, armed robbery. Bolden argues that because he was apprehended by law enforcement officers prior to any possession of the firearm in the bank, he was not able to control how far the offense conduct would go and therefore should not

-10-

be responsible for Stapleton's alleged possession of the gun in the bank. Additionally, Bolden believes that the crime was interrupted as soon as Stapleton disappeared from Bolden's view. Because Stapleton no longer had any reason to carry out the offense after leaving Bolden's sight, Bolden contends that any additional acts by Stapleton were meaningless and should not be attributed to him.

Based on his belief that only part of the offense was completed, Bolden asserts that under Application Note 4 he should have received the greater of (1) the offense level for the part of the offense for which the necessary acts were completed or about to be completed but for the apprehension or interruption, in this case bank robbery without use of a firearm, or (2) the offense level for the entire intended offense, armed bank robbery, minus three levels.

Had Bolden been sentenced for robbery of a financial institution without an enhancement for possession of a firearm, he would have an adjusted offense level of nineteen.[4] The district court, however, applied the offense level applicable to bank robbery with a firearm, which Bolden admits was the entire intended offense. The resulting offense level was twenty-four. Bolden contends, however, that because the district court sentenced him according to the entire intended

---

[4]This includes a two-level enhancement under U.S.S.G. § 2B3.1(b)(1)(A) because the object of the offense was the taking of property of a financial institution. Bolden does not contest this enhancement. The adjusted offense level also includes a three-level decrease for Bolden's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), which the district court applied.

-11-

offense conduct, bank robbery with a firearm, rather than just the completed offense, bank robbery without a firearm, it was required to grant him a three-level reduction under § 2X1.1(b)(1). Had Bolden been granted this reduction, his adjusted offense level would be twenty-one. Because, under Application Note 4, a defendant receives the greater of (1) the offense level for the completed conduct, which Bolden believes is nineteen, or (2) the offense level for the intended conduct minus three levels, which would be twenty-one, Bolden argues that his offense level should have been twenty-one rather than twenty-four.

Bolden's argument fails for a number of reasons. Bolden's proposed interpretation of Application Note 4 ignores the plain language of the § 2X1.1. Under the guideline, a defendant's offense level is determined based on "any intended offense conduct that can be established with reasonable certainty." *Id*. § 2X1.1(a). The offense level is then decreased by three levels "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." *Id*. § 2X1.1(b)(1). Bolden completed all acts he believed were necessary for completion of the armed robbery. But for events beyond his control, his apprehension and the fact that his coconspirator was an informant, the armed robbery would have been completed.

-12-

The district court therefore did not err in basing Bolden's sentence on the intended offense, armed robbery, while denying him a three-level reduction.

Bolden's argument also misconstrues Application Note 4. The note only deals with offenses for which the defendant has completed or was about to complete the acts necessary for *part, but not all*, of the intended offense. Here Bolden had completed, or would have completed but for his apprehension and the interruption which was beyond his control, all of the acts necessary for the *entire* offense. The note therefore does not apply to Bolden's case. *Cf. Santiago*, 977 F.2d at 527 (finding Application Note 4 inapplicable when defendant had completed all acts he believed necessary for fraud, but fraud was not "partially successful" because defendant had received none of the intended proceeds). Even if the note did apply, however, Bolden's sentence would be the same. The note provides that a defendant's offense level may be based on "the part of the offense for which the necessary acts were completed (or about to be completed but for apprehension or interruption)." U.S.S.G. § 2X1.1 Application Note 4. In this case Bolden had completed, or was about to complete but for his apprehension and the interruption, all acts necessary for an *armed* bank robbery. The appropriate offense level under the completed conduct provision of Application Note 4 therefore includes the weapon enhancement and is thus twenty-four.

Finally, in an attempt to stretch the meaning of Application Note 4, Bolden ignores relevant background commentary, which states:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted.

*Id*. § 2X1.1 Background. Bolden had done everything he believed was necessary for completion of an armed robbery. He had instructed Stapleton on how to carry out the robbery and Stapleton had left the car in possession of a gun. As the getaway driver, Bolden was merely waiting for Stapleton to return with the money. Bolden's role in the offense was substantially completed. He therefore was not entitled to a three-level reduction.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.