**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

TERRENCE M. BROWN,

    Defendant - Appellant.

No. 98-3164

(D. Kansas)

(D.C. No. 97-CR-10114-01-MLB)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terrence M. Brown pled guilty to violating 18 U.S.C. § 2251, which prohibits the sexual exploitation of children, and was sentenced to a term of 57

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months' imprisonment.  Brown now appeals the imposition of this sentence, arguing that he was entitled to two three-level reductions in his base offense level because his offense was merely an attempt and/or a solicitation rather than a completed crime.  We affirm.

## BACKGROUND

In August 1996, Brown invited Matthew Keller, a 16-year-old neighbor boy whom Brown had hired to mow his lawn, to his office, ostensibly to learn about computers.  Keller went to Brown's office for this purpose on at least eight occasions.  On one such occasion, Brown asked Keller if he would like to earn some extra money working as a model.  Brown told Keller that he could earn $5,000 by posing for nude and semi-nude pictures.  In an attempt to show Keller exactly what kind of pictures he had in mind, Brown called up several pictures on his laptop computer, depicting naked and scantily-clad young people.  Brown told Keller that he (Brown) could take the pictures, or Keller could take them himself.  Brown also inquired if Keller had any friends who would be interested in earning extra money in this way.  Keller refused Brown's offer, telling him that he did not think it was right for him to pose for such photographs, and that he did not feel comfortable asking any friends to pose.

At some point during the next few weeks, Keller informed his mother of the conversation he had had with Brown. Keller's mother promptly notified local police officials, who, after interviewing Keller on September 11, 1996, brought in the Federal Bureau of Investigation (FBI) to assist on the case.

The FBI, in an effort to obtain further incriminating evidence against Brown, instructed Keller to telephone Brown and inquire about whether the modeling offer was still open. Keller called Brown twice on September 23, 1996, and the FBI recorded both conversations. Brown, however, had backed off, and, although he offered to loan Keller a few hundred dollars if he needed it, told Keller "that they could not do the pictures because he had since learned that it was illegal to do so." Appellant's Br. at 4, app. C at 5.

On October 3, 1996, pursuant to a duly-obtained search warrant, authorities searched Brown's residence, and found, among other things, computer equipment, several computer software disks, and some video tapes. A review of the computer equipment and disks revealed "several images of nude young males depicted in sexual conduct." R. Vol. 3, at 6.

On September 4, 1997, Brown was named in a two-count indictment filed in federal court in Kansas. Count I charged Brown with "knowingly and intentionally receiv[ing] or distribut[ing] a visual depiction of a minor engaging in sexually explicit conduct," in violation of 18 U.S.C. § 2252(a)(2). R. Vol. 1,

Tab 1 at 1. Count II charged Brown with "knowingly and intentionally induc[ing] or entic[ing] a minor to engage in sexually explicit conduct," in violation of 18 U.S.C. § 2251(a). R. Vol. 1, Tab 1 at 2.

In February 1998, Brown entered into a plea agreement with prosecutors, under which he pled guilty to Count II, and the government dropped Count I. In a hearing on February 17, 1998, the district court approved the plea agreement and scheduled a sentencing hearing for May 1998. In March 1998, a probation officer prepared a presentence investigation report (PSR), in which he made the following recommendations: (1) Brown's base offense level should be 25, based on § 2G2.1 of the United States Sentencing Guidelines; (2) Brown should receive a three-level reduction in his base offense level for acceptance of responsibility; (3) Brown should receive a criminal history score of five, placing him in criminal history category III; and (4) Brown's sentence should be between 51 and 63 months' imprisonment.

Brown filed three objections to the PSR, only one of which is relevant here. Brown argued that he was entitled to two additional three-level reductions in his base offense level, pursuant to § 2X1.1 of the Guidelines, because his offense was only an attempt and/or a solicitation, and not a completed offense. Brown contended that his adjusted base offense level should be 16, rather than 22.

At the sentencing hearing, the district court considered and overruled all of Brown's objections. The district court stated that because "the substantive crime of 'attempt' is already contained in the statute," § 2X1.1 was not applicable to Brown's attempt argument, and that because "'solicitation' is synonymous with the language of [§] 2251(a)," Brown's solicitation argument failed as well. R. Vol. 3, at 24. The court stated that Brown had "pled guilty to a crime that includes attempt and I just . . . don't understand why in the absence of some controlling authority that I . . . should give him a three level reduction for attempt." R. Vol. 2, at 57.

Having overruled Brown's objections, the district court sentenced Brown to 57 months imprisonment, and directed that this federal sentence run consecutively to a state sentence Brown was already serving. [1] Brown now appeals from this

---

[1]The district court noted in passing that, had Brown committed his offense merely six weeks later, he would have been sentenced to a minimum of 30 years in a federal penitentiary. This is because the relevant statute, 18 U.S.C. § 2251, was amended on September 30, 1996. Prior to the amendment, subsection (d) of that statute read as follows:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title, or imprisoned not more than 10 years, or both, but, if such individual has a prior conviction under this chapter or chapter 109A, such individual shall be fined under this title, or imprisoned not less than five years nor more than 15 years, or both.

18 U.S.C. § 2251(d) (1995). Although Brown had two prior <u>state</u> convictions relating to the sexual exploitation of children, he had never before been convicted under <u>federal</u> child sexual exploitation statutes, and was therefore subject only to a maximum 10-year sentence, with no mandatory minimum sentence. <u>See also</u>

(continued...)

sentence, and asserts that he is entitled to two additional three-level reductions in base offense level because his offense was an attempt and a solicitation rather than a completed offense.

## DISCUSSION

We believe that the district court correctly determined that Brown was not entitled to either of the requested three-level reductions in his base offense level. We discuss the attempt and solicitation issues in turn.

Section 2X1.1 of the United States Sentencing Guidelines provides for a three-level reduction in a convict's base offense level if the offense was merely "an attempt" and not a fully completed crime. U.S. Sentencing Guidelines Manual § 2X1.1(b)(1) (1995) [2]; see United States v. Bolden, 132 F.3d 1353, 1357 (10th Cir. 1997), cert. denied, 118 S. Ct. 1686 (1998). The statute to which Brown pled guilty reads, in relevant part, as follows:

---

[1](...continued)
U.S. Sentencing Guidelines Manual § 5G1.1 (1995). However, after the September 1996 amendments to the statute, Brown would have been subject to a 30-year minimum sentence, because the 1996 amendments not only stiffened the sentences, but also incorporated prior state convictions for child sexual exploitation into the sentencing calculus. See 18 U.S.C. § 2251(d) (1998).

[2]The 1995 version of the Sentencing Guidelines Manual was applied in this case, and neither party contends that a different version should be applied. R. Vol. 3, at 7.

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d) . . . .

18 U.S.C. § 2251(a) (1995). Brown did not plead guilty to an attempt to violate § 2251(a), but rather pled guilty to a completed crime. Because Brown committed a completed crime, rather than a mere attempt, the district court's decision not to apply § 2X1.1 was proper.

We also agree that the district court properly denied Brown's request for a separate three-level reduction for solicitation. Guideline § 2X1.1(b)(3) mandates that a convict's base offense level be reduced by three levels "[i]f [it is] a solicitation," unless "the statute treats solicitation of the substantive offense identically with the substantive offense."

The relevant statute, by using terms such as "entice" and "induce," clearly intended to treat solicitation of the crime "identically with the substantive offense." USSG § 2X1.1(b)(3)(B) (1995). Under such circumstances, the Guidelines dictate that no three-level reduction should issue.

**CONCLUSION**

For the foregoing reasons, we conclude that the district court properly refused to grant Brown's requests for two three-level reductions in his base offense level.  Brown's sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge