**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN MANUEL ENCINAS-
RODRIGUEZ,

      Defendant - Appellant.

No. 99-2064
(D.C. No. CR-98-776-SC)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

    Juan Manuel Encinas-Rodriguez ("Encinas") appeals his sentence for

attempting to reenter the United States after a prior deportation in violation of 8

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

U.S.C. § 1326(a)(1) & (2) and 8 U.S.C. § 1326(b)(2).[1]  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and affirm.

Encinas was deported from the United States in 1981, 1983, twice in 1988,

and in 1993. He was previously convicted of, among other offenses, kidnaping

and aggravated assault in 1985 and of delivery of marijuana in 1988.

On July 1, 1998, Encinas once again attempted to enter the United States.

He drove a car to the Columbus, New Mexico, Port of Entry, and claimed, falsely,

that he was a United States citizen.  An INS inspector referred him to a secondary

checkpoint, where he admitted that he was not a United States citizen.  After

computer inquiry revealed previous deportations in November 1988 and February

1993, as well as two prior felony convictions, Encinas was charged by

information with attempt to reenter the United States after a prior deportation.

Encinas pled guilty to the charge in the information.

Following preparation of a Presentence Report ("PSR"), Encinas objected,

arguing that his offense level should be reduced by three pursuant to U.S.S.G.

§ 2X1.1(b)(1), on the grounds that he did not complete nor was about to complete

all the acts necessary for successful completion of the attempted crime.  The

---

[1] 8 U.S.C. § 1326(a) provides that any alien who enters, attempts to enter, or is found in the United States following denial of admission, exclusion, deportation, removal, or departure while an order of exclusion, deportation, or removal is outstanding, shall be subject to imprisonment or fine.  Subsection b provides for increased criminal penalties for certain removed aliens.

district court rejected this argument, and declined to grant a reduction under

U.S.S.G. § 2X1.1(b)(1).  Encinas now appeals, claiming the district court erred in

refusing to deny the reduction.

We review a district court's application and legal interpretation of the

Sentencing Guidelines de novo, but we review the court's factual findings for

clear error.  See United States v. Bolden, 132 F.3d 1353, 1355 (10th Cir. 1997),

cert. denied, 118 S.Ct. 1686 (1998).

U.S.S.G. § 2X1.1(b)(1) provides:

> If an attempt, decrease by 3 levels, unless the defendant completed
> all the acts the defendant believed necessary for successful
> completion of the substantive offense or the circumstances
> demonstrate that the defendant was about to complete all such acts
> but for apprehension or interruption by some similar event beyond
> the defendant's control.

Encinas argues that because lawful entry into the United States occurs only

after inspection and authorization by an immigration inspector, see 8 U.S.C.

§ 1101(a)(13)(A), he could not complete all the acts necessary for the substantive

crime—reentry—until becoming free from official restraint.  We disagree.  Had

the inspector believed Encinas's statement of United States citizenship, he would

have been admitted to the United States.  Encinas fails to show what additional

acts on his part, beyond his false assertion of United States citizenship, were

necessary to complete the substantive offense of reentry.  Rather, successful

completion of the substantive offense was defeated only by the actions of INS

inspectors. Encinas's argument that there must be a "positive act" of intercession by law enforcement, Appellant's Reply Br. at 3, rather than a mere refusal to admit, is irrelevant. Because Encinas "completed all the acts . . . necessary for successful completion of the substantive offense," U.S.S.G. § 2X1.1(b)(1), the three-level reduction for attempt offenses not substantially completed is inappropriate. See United States v. Chapdelaine, 989 F.2d 28, 36 (1st Cir. 1993) ("It is the nearness of the crime to achievement—not the precise nature of the involuntary interruption—that defeats the reduction available for conspiracies and attempts that have not progressed very far.") Therefore, the district court did not err in denying a three-level reduction under § 2X1.1(b)(1).

**AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge