UNITED STATES of America, Plaintiff,

v.

Kevin ANDERSON, Defendant.

Nos. 96 CR 251, 96 CR 574.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 30, 1997.

Andrea Elizabeth Gambino, Federal Defender Program, Chicago, IL, for Kevin Andersen.

Madeleine Sullivan Murphy, U.S. Attorney's Office, Chicago, IL, for U.S.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Defendant Kevin Anderson objects to two parts of the Presentence Investigation Report and moves for a downward departure in his criminal history category. For reasons set forth below, the court denies his objections but grants his motion for a downward departure.

### Background

In April 1996, Anderson robbed a bank in Chicago. Shortly thereafter, he turned himself in to authorities. In July 1996,

Anderson pleaded guilty to bank robbery. This court released Anderson pending sentencing under an elaborate set of conditions: He was to live in Bloomington, participate in a drug treatment program, work at a barbershop, and not commit additional crimes, among other things. *United States v. Anderson,* No. 96 cr 251, 1996 WL 426767 (N.D.Ill. July 26, 1996).

In August 1996, Anderson robbed a bank in Bloomington. Two days later he attempted to rob a bank in Peoria. Shortly thereafter he was arrested. In each of these two bank robberies (as in his prior bank robbery), he did not use or threaten to use a weapon; he simply handed a note to a teller demanding cash and urging the teller not to panic. (Presentence Investigation Report ("PSR") ¶¶ 6–8.) In December 1996, Anderson pleaded guilty to robbing the bank in Bloomington and attempting to rob the bank in Peoria.

Prior to this string of bank robberies, Anderson had two criminal convictions. In 1993, he pleaded guilty to driving under the influence ("DUI"). Apparently, nobody was hurt as a result of this incident. He received a sentence of 30 days in jail, of which 27 were suspended. Because Anderson failed to complete his Jail Alternate Program, a warrant issued for his arrest. (PSR ¶ 57.)

In 1995, Anderson pleaded guilty to domestic battery after he pushed his wife and hit her with a closed fist in the chest and forehead. There is no indication that Anderson's wife was hospitalized or that she suffered permanent injury. Anderson received a sentence of 12 months conditional discharge. A petition to revoke Anderson's conditional discharge has been filed because Anderson failed to complete domestic violence counselling. However, this failure appears to stem from the fact that Anderson was in federal custody. (PSR ¶ 58.)

### Analysis

Anderson objects to the PSR on two grounds and moves for a downward departure in his criminal history category.

## I. ACCEPTANCE OF RESPONSIBILITY

First, Anderson argues that he is entitled to a two-level reduction for acceptance of responsibility because he has pleaded guilty to all three crimes and cooperated fully with authorities. The government responds that Anderson is not entitled to a two-level reduction for acceptance of responsibility because he violated the conditions of his release on the first bank robbery by robbing one bank and attempting to rob another.

■ Section 3E1.1(a) of the United States Sentencing Guidelines ("U.S.S.G." or "the Sentencing Guidelines" or "the Guidelines") allows a two-level decrease for a defendant who "clearly demonstrates acceptance of responsibility for his offense." According to Application Note 1, the court may consider, among other things, whether the defendant (a) truthfully admitted the conduct comprising the offense, (b) voluntarily terminated criminal conduct, (c) voluntarily surrendered after committing the offense, (g) entered into drug treatment, or (h) accepted responsibility in a timely manner. Application Note 3 states:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction ... will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

It is inconsistent with acceptance of responsibility for a defendant to violate the conditions of his release on bond by using drugs or committing crimes. *United States v. McDonald,* 22 F.3d 139, 144 (7th Cir.1994).

■ In this case, Anderson pleaded guilty to all three crimes and cooperated fully with authorities. However, Anderson violated the conditions of his pretrial release by robbing one bank and attempting to rob another— both to support his addiction to crack cocaine. *See* Defendant's Objections at 2 (bank robberies resulted from "severe crack addiction"). On its face, this behavior suggests that Anderson has not taken responsibility

for the first bank robbery. It also suggests that Anderson has not taken full responsibility for overcoming the crack addiction that is causing him to rob banks and probably destroying his life in many other ways. On balance, the court finds that Anderson's drug use, bank robbery, attempted bank robbery, and consequent failure to abide by the terms of his release outweigh his guilty pleas and cooperation with authorities. Therefore, the court concludes that Anderson is not entitled to a two-level reduction for acceptance of responsibility.

## II. REDUCTION FOR ATTEMPT

■ Anderson argues that his offense level for the second count of the indictment in case number 96 cr 574 (attempted robbery of the bank in Peoria) should be reduced by three levels under Section 2X1.1(b)(1) of the Sentencing Guidelines, which permits a three-level reduction for attempts. The court finds that Anderson is not entitled to this reduction because he completed all the acts necessary for attempted bank robbery, and because his offense is specifically covered by another provision of the Sentencing Guidelines. *See United States v. Toles*, 867 F.2d 222, (5th Cir.1989). Even if the court were to grant the requested three-level reduction, it would have no effect on Anderson's combined adjusted offense level.

## III. CRIMINAL HISTORY CATEGORY

Anderson seeks a downward departure from category III to category II, arguing that his criminal history score overrepresents the seriousness of his prior convictions for drunk driving and domestic battery. The court agrees.

■ Under Section 4A1.3 of the Sentencing Guidelines, the court may depart downward if it "concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit future crimes." *See generally United States v. Abbott*, 30 F.3d 71, 72–73 (7th Cir.1994).

In this case, Anderson's prior convictions for driving under the influence and domestic battery result in a criminal history score of two. Because Anderson was on conditional discharge when he committed the instant bank robberies, two more points are added pursuant to U.S.S.G. § 4A1.1(d). That results in a total criminal history score of four, which puts Anderson in the lower end of Criminal History Category III, which encompasses criminal history scores ranging from four to six.

The court finds that placing Anderson in Criminal History Category III significantly over-represents the seriousness of his DUI and domestic battery convictions. Although both DUI and domestic battery are serious offenses, they are not as serious as many of the crimes that place other defendants in Category III. While driving under the influence cannot be condoned, Anderson's DUI conviction did not involve any injury to people or damage to property. And while the seriousness of Anderson's domestic violence conviction cannot be minimized, it is significant that his wife was not hospitalized and apparently did not sustain permanent injury. Taking all of the relevant factors into consideration, and comparing Anderson's criminal history to that of other defendants who have been sentenced by this court over the years, the court concludes that Criminal History Category III significantly over-represents the seriousness of Anderson's criminal history. He belongs in Criminal History Category II, not Category III. *See Abbott*, 30 F.3d at 72–73 (district court may depart downward where criminal history category overrepresents defendant's criminal history; *United States v. Baker*, 804 F.Supp. 19, 22 (N.D.Cal.1992) (reducing criminal history category *from III to I* for defendant with prior convictions for giving false information and grand theft auto, and two additional points for committing offense of conviction while on probation.))

### *Conclusion*

Defendant Kevin Anderson's request for a two-level reduction for acceptance of responsibility and his request for a three-level reduction for attempt are denied. His motion for a downward departure in his Criminal History Category is granted. His Criminal

History Category is II and his combined adjusted offense level is 28, producing a guideline range of 87 to 108 months imprisonment.