**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 02-1230

ANTHONY MARTINEZ,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 00-CR-482-N)**

Submitted on the briefs:

Philip W. Ogden, Colorado Springs, Colorado, for Defendant-Appellant.

John W. Suthers, United States Attorney, District of Colorado, and Andrew A. Vogt, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

Before **SEYMOUR**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

**SEYMOUR**, Circuit Judge.

Defendant Anthony Martinez appeals the sentence imposed after he pled guilty to being an accessory after the fact to attempted armed bank robbery. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We affirm Mr. Martinez' sentence, although on slightly different grounds than those articulated by the district court.

I.

A federal grand jury indicted Mr. Martinez and six others on numerous charges connected with an attempt to rob the Colorado East Bank & Trust in La Junta, Colorado. The charges included conspiracy, attempted armed bank robbery, arson, unlawful possession and use of firearms, unlawful possession and use of incendiary devices, and accessory after the fact. Mr. Martinez' involvement was limited to assisting in the disposal of a shotgun used during the attempted robbery, and the indictment charged him with being an accessory after the fact to attempted armed bank robbery. *See* 18 U.S.C. § 3.

Mr. Martinez pled guilty to the charge pursuant to a plea agreement in which the government agreed to recommend a two-level downward departure pursuant to U.S.S.G. § 5K1.1 in exchange for his continued cooperation. Prior to sentencing, the government filed a motion requesting that Mr. Martinez receive a four-level downward departure under § 5K1.1. The district court sentenced Mr. Martinez pursuant to the applicable sentencing guideline, U.S.S.G. § 2X3.1, which provides that the base offense level for an accessory after the fact is "6 levels lower than the offense level for the underlying offense." The district court adjusted the base offense level upward for several specific

2

offense characteristics of the underlying offense after concluding Mr. Martinez knew or should have known of each of them. *See* U.S.S.G. § 2X3.1, cmt. n.1 (instructing sentencing court, in calculating offense level for accessory after the fact offenses, to apply "any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant."). The court granted the government's motion for a four-level downward departure and also granted a three-level downward departure for Mr. Martinez' acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The court then sentenced Mr. Martinez to a 57-month term of imprisonment.

II.

On appeal, Mr. Martinez first asserts the district court erred in refusing to apply U.S.S.G. § 2X1.1(b)(1), which provides for a three-level reduction in the base offense level where the substantive offense was not completed.[1] Mr. Martinez asserts he is entitled to the three-level reduction because the bank robbery was unsuccessful. We review *de novo* legal questions regarding the application of the sentencing guidelines.

---

[1] Specifically, the section provides:

If an attempt, decrease [the base offense level] by **3** levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

U.S.S.G. § 2X1.1(b)(1).

3

*See United States v. Brown*, 314 F.3d 1216, 1222 (10th Cir. 2003). We review the district court's factual findings for clear error, "giving due deference to the district court's application of the guidelines to the facts." *Id.*

Mr. Martinez pled guilty to a charge of accessory after the fact. The district court properly began its sentencing analysis with U.S.S.G. § 2X3.1, which required the court to set Mr. Martinez' base offense level as an accessory after the fact at six levels below that established for the underlying offense. However, the "underlying offense" for the purpose of applying § 2X3.1 is attempted bank robbery, for which no specific guideline exists. The court rejected Mr. Martinez' assertion that the general guideline for attempts, § 2X1.1, should factor into the court's calculation of Mr. Martinez' sentence, concluding that applying § 2X1.1 would constitute an erroneous application of the guidelines. The court implied that because attempted bank robbery is included in the same statute as bank robbery, *see* 18 U.S.C. § 2113,[2] the court need only look to the guideline section for robbery, *see* U.S.S.G. § 2B3.1, as the underlying substantive offense, rather than to the

---

[2]    Whoever, by force or violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association . . . shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

general guideline for attempted crimes, § 2X1.1. The court was incorrect. Tenth Circuit precedent, coupled with our reading of the guidelines, persuades us that where a defendant is convicted of an attempt crime not itself covered by a specific offense guideline, calculation of the defendant's sentence must be pursuant to § 2X1.1.

In reaching this conclusion, we are guided by *United States v. Bolden*, 132 F.2d 1353 (10th Cir. 1997). In *Bolden*, the defendant participated in an attempted bank robbery. Without expressly entering into an analysis of the applicability of § 2X1.1 to the defendant's crime, we followed § 2X1.1's rubric to determine whether the district court had properly calculated the defendant's sentence. Then, in addressing whether the defendant should have received a three-point deduction under § 2X1.1(b)(1), we stated that "[w]hen a defendant has completed all acts he believes are necessary for the successful completion of an offense, he is not entitled to a reduction . . . ." *Id*. at 1357. Based on the district court's findings, we determined the defendant had in fact completed all the acts necessary for attempted bank robbery, and hence could not receive a sentence reduction. *Id.*

*Bolden* is directly applicable to Mr. Martinez' case. Mr. Martinez, like the defendant in *Bolden*, was involved in an attempted bank robbery. While Mr. Martinez' charge as an accessory after the fact under 18 U.S.C. § 3 required the district court to begin its sentencing analysis with U.S.S.G. § 2X3.1, that guideline directed the court to determine Mr. Martinez' baseline offense level according to the underlying offense,

5

*attempted* bank robbery. Hence, in accord with *Bolden*, the district court should have first turned to § 2X1.1, the guideline applicable to attempted crimes for which there is no specific guideline. Section 2X1.1 would have then directed the court to § 2B3.1, the guideline for robbery.

A reading of the guidelines supports such an approach. In an introductory chapter, the guidelines detail how to determine the applicable section for an offense. The guidelines state "[i]f the offense involved a conspiracy, attempt or solicitation, refer to § 2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the Statutory Index for the substantive offense." U.S.S.G. § 1B1.2(a). Because Mr. Martinez was convicted of an attempt crime, the court should begin by examining § 2X1.1 as well as § 2B3.1. The parenthetical included in § 2X1.1's title further indicates that § 2X1.1 applies to attempts "not covered by a specific offense *guideline*." U.S.S.G. § 2X1.1 (emphasis added). Section 2X1.1(c) even more specifically directs that "[w]hen an attempt, solicitation, or conspiracy is *expressly* covered by another offense *guideline* section, apply that guideline section." U.S.S.G. § 2X1.1(c) (emphasis added). A list of guideline sections which expressly include attempts within their scope follow in Application Note 1 to § 2X1.1.[3] Section 2B3.1, the guideline for robbery, is not among

---

[3]For example, U.S.S.G. § 2A2.1, which is listed first in the application notes to § 2X1.1 as a guideline that expressly covers attempts, applies to "Attempted Murder." The next example, § 2A3.1, applies to "Attempt to Commit Criminal Sexual Abuse." Section 2C1.1 covers "Offering . . . a Bribe." And so on. The relevant guideline to our statute, §

(continued...)

6

those sections listed, nor does it expressly cover attempted robbery. Therefore, in accordance with the guidelines and *Bolden*, § 2X1.1 must play an integral role in determining Mr. Martinez' sentence. *See also United States v. Ogle*, 328 F.3d 182, 191 (5th Cir. 2003) (§ 2X1.1 applied to defendant's attempted money laundering conviction because no other offense guideline expressly covered attempted money laundering); *United States v. Villafranca*, 260 F.3d 374, 381 (5th Cir. 2001) (same, as applied to conspiracy to obstruct commerce in violation of Hobbs Act); *United States v. Amato*, 46 F.3d 1255, 1260-62 (2d Cir. 1995) (even where Hobbs Act covers conspiracy, § 2X1.1 should be applied to determine defendant's sentence when no other guideline section expressly covers robbery conspiracy); *United States v. Grove*, 150 F. Supp. 2d 1270, 1284-87 (M.D. Ala. 2001) (criticizing Eleventh Circuit's conclusion that § 2X1.1 does not apply to attempt offenses included in underlying substantive offense statute and advocating approach in accord with *Amato*); *Scibetta v. United States*, 32 F. Supp. 2d 711, 715-19 (D.N.J. 1998) (§ 2X1.1 applies to conspiracy to commit robbery under Hobbs Act where no guideline section expressly covers the substantive offense even when statute may incorporate conspiracy as a substantive offense).[4]

---

[3](...continued)
2B3.1, applies to "Robbery" and does not mention attempts.

[4] The Hobbs Act conspiracy cases, while distinguishable from the instant case in that they address conspiracies to commit crimes rather than attempts to do so, provide direct and relevant support to our reading of the guidelines. In similar fashion to 18 U.S.C. § 2113, which contains within its purview bank robbery and attempted bank

(continued...)

7

We acknowledge other courts have taken a different approach in examining the applicability of § 2X1.1 to attempt crimes. *See, e.g., United States v. Hernandez-Franco*, 189 F.3d 1151, 1158-59 (9th Cir. 1999); *United States v. Thomas*, 8 F.3d 1552, 1564-65 (11th Cir. 1993); *United States v. Williams*, 891 F.2d 962, 965 (1st Cir. 1989); *United States v. Anderson*, 955 F.Supp. 935, 937 (N.D. Ill., 1997); *Halmos v. United States*, 872 F. Supp. 762, 765 (D. Haw. 1995). In attempting to determine whether an offense guideline which does not expressly include attempts might be used to determine a defendant's sentence instead of § 2X1.1, these courts take the position that § 2X1.1 is not at all applicable to attempt crimes where the *statutory* provision under which the defendant was convicted includes attempt crimes and that same statute is covered by a

---

[4](...continued)
robbery, Hobbs Act convictions cover obstruction and delays of interstate commerce by robbery or extortion as well as any attempt or conspiracy to do the same. *See* 18 U.S.C. § 1951. The analysis employed in the cited Hobbs Act conspiracy cases highlights that despite the inclusion of conspiracy in the underlying statute, the guidelines mandate § 2X1.1 be employed, rather than the guideline sections for the underlying offenses of robbery or extortion as neither guideline section expressly covers conspiracy to rob or extort. *See United States v. Villifranca*, 260 F.3d 374, 381 (5th Cir. 2001); *United States v. Amato*, 46 F.3d 1255, 1260-62 (2d Cir. 1995); *Scibetta v. United States*, 32 F. Supp. 2d 711, 715-19 (D. N.J. 1998). *See also United States v. Grove*, 150 F. Supp. 2d 1270, 1284-87 (M.D. Ala. 2001). *But see United States v. Thomas*, 8 F.2d 1552, 1564-65 (11th Cir. 1993). Of course, § 2X1.1 is not categorically applied to all conspiracy convictions. As noted above, where the conspiracy is expressly covered by another guideline section, the more explicit guideline section would govern instead of the more general proscription regarding conspiracies found in § 2X1.1. *See* U.S.S.G. § 2X1.1(c) & App. n. 1 (listing offense guideline sections expressly covering conspiracies).

guideline section.  *See Hernandez-Franco*, 189 F.3d at 1158-59; *Thomas*, 8 F.3d at 1564-65; *Williams*, 891 F.2d at 965; *Anderson*, 955 F. Supp. at 937; *Halmos*, 872 F.Supp. at 765-66.[5]  *See generally* THOMAS W. HUTCHINSON, ET AL., FEDERAL SENTENCING LAW AND PRACTICE 1034 (2003) (noting Ninth Circuit looks to statutory provision under which defendant was convicted to determine whether guideline provision applies to attempt crime).  In essence, these cases hold that where an attempt crime is included as a substantive offense in a statute covered by a specific offense guideline, that offense guideline, regardless of whether it expressly refers to attempts, should be used instead of § 2X1.1.

We are not persuaded by this reasoning.  Such an approach does not comport with a reading of § 2X1.1, which speaks specifically in terms of relevant guideline sections and not underlying statutes.  Moreover, scholars have noted that while the Sentencing

---

[5]*Anderson* and *Halmos* rely on *United States v. Toles*, 867 F.2d 222 (5th Cir. 1989), for the proposition that § 2X1.1 is not applicable to attempted bank robbery when the offense is specifically covered by another provision of the sentencing guidelines. Without much explanation, *Toles* held that because attempted robbery was a violation of 18 U.S.C. § 2113, and was specifically covered by § 2B3.1 of the Guidelines, § 2X1.1 should not be considered in determining the defendant's sentence.  *Toles*, 867 F.2d at 223. *Anderson* and *Halmos*' reliance on *Toles* appears to be misplaced.  Both cases applied versions of § 2B3.1 that did not expressly include attempted bank robbery within its ambit.  Moreover, a close examination of *Toles* reveals the defendant in that case was sentenced pursuant to an earlier version of the robbery sentencing guideline which did expressly refer to attempted bank robbery.  Under the June 16, 1988 version of U.S.S.G. § 2B3.1, the guideline commentary states "[p]ursuant to the last sentence of 2B3.1(b)(1), robbery or *attempted robbery* of a bank or post office results in a minimum one-level enhancement."  § 2B3.1, cmt. n. 2 (1988) (emphasis added).

9

Commission

> has not provided any guidance about how to determine whether an offense guideline not listed may nevertheless apply to an attempt, a solicitation, or a conspiracy to commit a substantive offense covered by the offense guideline . . . [t]he clearest, most direct way for the Commission to express its intention is to list the guideline in application note 1. It probably should be presumed that the Commission did not intend an offense guideline to cover attempt . . . unless there is some reference in the offense guideline or its commentary to an attempt . . . .

*Id.* Because § 2B3.1 does not expressly cover attempted robbery, § 2X1.1 is the proper guideline under which to determine Mr. Martinez' sentence for accessory after the fact to attempted bank robbery.

While we disagree with the cases that categorically hold § 2X1.1 does not apply to attempt crimes included in statutes covered by a specific offense guideline, we nonetheless agree that the inclusion of an attempt crime in the same statute as the substantive offense is important in analyzing the extent to which § 2X1.1 can be applied. *See United States v. Van Boom*, 961 F.2d 145, 147 (9th Cir. 1992) ("The attempt to rob a bank is the same crime as robbery of a bank."); *Williams*, 891 F.2d at 965 (18 U.S.C. § 2113(a) "embraces both actual and attempted bank robberies"). In particular, a defendant's conviction of an attempt crime included in the same statute as the completed crime is relevant in determining whether the defendant should be afforded a three-level reduction under U.S.S.G. § 2X1.1(b)(1).

In this instance, while the district court was incorrect to wholly eliminate § 2X1.1 from its analysis, it was correct in noting that even if it did apply § 2X1.1 to Mr.

10

Martinez, he was not entitled to the three-level reduction permitted under § 2X1.1(b)(1). The reduction provided by that section is not available if the court finds the participants either completed "all the acts . . . believed necessary for successful completion of the substantive offense" or were "about to complete all such acts but for apprehension or interruption by some similar event beyond the [participant's] control." U.S.S.G. § 2X1.1(b)(1). Here, the district court found that the participants in the bank robbery had completed all of the acts necessary for the successful completion of the substantive offense of attempted bank robbery.

Mr. Martinez and his co-defendants in the bank robbery scheme successfully set fire to an elementary school to divert and distract law enforcement, kidnapped the bank president at gunpoint, held the bank president's wife hostage while forcing the bank president to drive to the bank and admit his kidnapper, and forced the bank president to attempt to open the bank safe. The plot was unsuccessful solely because the bank president and his kidnapper were unable to operate the safe's combination lock, an event clearly outside the participants' control. Therefore, while Mr. Martinez was correct to argue the district court erred by not calculating his sentence in accordance with § 2X1.1, he nonetheless is not entitled to the three-level reduction provided by the guideline. Because Mr. Martinez' co-participants completed the substantive offense of attempted bank robbery under 18 U.S.C. § 2113, Mr. Martinez, as an accessory after the fact under 18 U.S.C. § 3, is precluded by the terms of § 2X1.1(b)(1) from receiving the three-level

11

reduction.

III.

Mr. Martinez also asserts the district court erred in enhancing his sentence based on certain specific offense characteristics of the underlying offense. We review for clear error a district court's factual findings in support of a sentence enhancement. *See* 18 U.S.C. § 3742(e).

The Sentencing Guidelines provide that the base offense level for an offense shall be determined based on:

> in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), *all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity*.

U.S.S.G. § 1B1.3(a)(1)(B) (emphasis added). The application notes specifically provide that, in the case of accessory after the fact, "the conduct for which the defendant is accountable includes all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant." U.S.S.G. § 1B3.1, cmt. n.10. The guidelines governing accessory after the fact offenses also expressly instruct the sentencing court to adjust the offense level based on "any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." U.S.S.G. § 2X3.1, cmt. n. 1; *United States v. Henning*, 77 F.3d 346, 349 (10th Cir. 1996).

12

In sentencing Mr. Martinez, the district court determined that the relevant offense conduct in the underlying offense included the following specific offense characteristics: (1) the object of the offense was the taking of property of a financial institution; (2) a firearm was "otherwise used" during the offense; (3) a victim sustained bodily injury during the offense; (4) a person was abducted to facilitate commission of the offense; and (5) the offense involved a carjacking. The court also found Mr. Martinez knew or reasonably should have known of each specific offense characteristic when he agreed to assist in the disposal of the shotgun.[6]

Mr. Martinez asserts the district court erred in finding he knew or reasonably should have known that the shotgun was "otherwise used," that a victim sustained bodily injury, and that the offense involved a carjacking. Having reviewed the record and Mr. Martinez' testimony regarding his knowledge of the underlying offense, we conclude the district court did not commit clear error in finding Mr. Martinez knew or should have known of these specific offense characteristics.

Mr. Martinez testified he knew the basics of the planned robbery. Prior to the robbery attempt, a participant asked Mr. Martinez to assist in the robbery attempt by

---

[6] Mr. Martinez first asserts the district court applied an incorrect standard in making its factual findings. But the record clearly shows the district court properly applied the standard stated in the prior paragraph and set forth in the Sentencing Guidelines. The court expressly considered whether each specific offense characteristic was reasonably foreseeable to Mr. Martinez at the time he was asked to help cover up the crime.

providing transportation from the bank president's house after completion of the plan. Although he eventually refused to participate in the commission of the offense, Mr. Martinez was aware of the basic plan. Specifically, Mr. Martinez testified:

> [I]n an effort to get me to give him a ride, [one of the primary participants] explained that he [sic] and Dale had a foolproof plan to rob a bank. They were going to take the bank president from his house and get him to open the safe, and that they could get through the hills to the bank president's house. And that's why Isaac wanted me to pick him up there at [an address near the bank president's home] and he wouldn't tell me more, because it would be better if I didn't know.

Mr. Martinez was aware the offense involved a home invasion, forced abduction, and a bank robbery. He also was aware that the robbery participants had obtained a shotgun and were planning to use the weapon during the commission of the offense. He testified that the robbery participants "were prepared to take all the steps they thought necessary to complete" their plan. Finally, Mr. Martinez was aware that the robbery participants did not have their own automobiles and would require some form of transportation during and following commission of the offense.

Given the violent nature of the proposed robbery plan, the district court found Mr. Martinez should have known there was a likelihood the shotgun was "otherwise used" during the commission of the underlying offense. The district court also found Mr. Martinez should have known that bodily injury to a victim was reasonably foreseeable. *See United States v. Metzger*, 233 F.3d 1226, 1227-28 (10th Cir. 2000) (given the "inherently dangerous nature of bank robbery," victim injury is a reasonably foreseeable offense characteristic). Finally, noting Mr. Martinez was approached for transportation

14

and declined, the court found he should have known a carjacking was foreseeable.  Given his knowledge when he agreed to dispose of the shotgun, the district court did not commit clear error in concluding Mr. Martinez knew, or should have known, that each of these special offense characteristics could have occurred.

For the reasons stated above, the district court's sentence is **AFFIRMED**.