**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LESTER WILLIAM CRAYTON,

      Defendant - Appellant.

No. 03-3359
(D.C. No. 03-CR-20032-01-GTV)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

Defendant Lester Crayton pled guilty to one count of using a facility of

interstate commerce to attempt to entice a minor into engaging in sexual activity

in violation of 18 U.S.C. § 2422(b). The district court sentenced Defendant to

108 months' imprisonment. On appeal, defendant challenges his sentence,

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

arguing that (1) the district court improperly applied various provisions of the U.S. Sentencing Guidelines in calculating his offense level; and (2) the district court violated the Sixth Amendment when it enhanced Defendant's sentence based upon court-found facts, contrary to United States v. Booker, 125 S. Ct. 738 (2005). For the reasons stated below, we AFFIRM Defendant's sentence.

## BACKGROUND

On May 17, 2002, Defendant sent an Internet chat request to an undercover detective who was posing as a 14-year-old girl in an Internet chatroom. The detective responded to Defendant's overtures. Defendant asked the purported minor numerous sexually oriented questions, described graphic sexual activity to her, and asked her to send him a picture of herself. Defendant then sent her computer generated images as examples of nude photos that he had received from other minors. He also offered to teach her about sex, masturbated as the detective looked on via webcam, and offered to buy the minor a bus ticket from Illinois to Kansas so that they could engage in sexual relations.

Law enforcement officials maintained contact with Defendant, posing as the same 14-year-old female. Defendant again discussed providing the minor with bus transportation to Kansas in chats on May 29, June 6, and June 18, 2002. During these and other chats, Defendant described sexual acts he would perform

on the minor and made plans to photograph her in various stages of undress. On June 24, detectives received a bus ticket addressed to the fictional minor.

On June 27, 2002, police set up surveillance at the Kansas bus stop at which the minor was scheduled to arrive. Police observed Defendant waiting there and approached him for questioning. Defendant admitted that he bought the bus ticket and mailed it to the minor, and that his purpose was to have sexual contact with her and to take photographs of her.

Defendant pled guilty to one count of using a facility of interstate commerce to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court determined that Defendant's initial base offense level was 27, applying USSG § 2G1.1(c)(1)'s cross reference to USSG § 2G2.1 because the offense involved "seeking by notice or advertisement ... a person less than 18 years of age to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The court then increased Defendant's offense level by two levels under USSG § 2G2.1(b)(1)(B) because the intended victim was under 16 years old, and another two levels under USSG § 2G2.1(b)(3)(B)(i) because the offense involved use of a computer to persuade, induce, entice, coerce or facilitate the travel of a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. Finally, the court decreased Defendant's offense level three levels for acceptance

of responsibility pursuant to USSG § 3E1.1, bringing his total offense level to 28. Defendant's criminal history category was III, and his guideline range was 97 to 121 months. The court sentenced him to 108 months' imprisonment.[1]

## DISCUSSION

Defendant challenges three aspects of the district court's sentencing decision. First, he argues that USSG § 2G1.1(c)(1)'s cross reference was not applicable because his crime was an attempt. Second, he argues that this cross reference did not apply because he did not seek "by notice or advertisement" a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction. Third, he contends that USSG § 2G2.1(b)(1)(B)'s two-level enhancement for offenses involving a victim under 16 years old was improper because his intended victim turned out to be fictional. In addition to challenging the district court's application of the guidelines, Defendant argues he is entitled to be resentenced under Booker, because the district court enhanced his sentenced based upon court-found facts.

We exercise jurisdiction under 18 U.S.C. § 3742(a), and review the district court's legal interpretation of the Sentencing Guidelines de novo. See United

---

[1] The district court applied the 2001 version of the U.S. Sentencing Guidelines Manual.

States v. Coldren, 359 F.3d 1253, 1255-56 (10th Cir. 2004). We reject each of Defendant's arguments and AFFIRM his sentence.

## I. Interpretation of the sentencing guidelines

### A. USSG § 2G1.1(c)(1)'s cross reference may apply in attempt cases

Under the federal sentencing guidelines, attempt crimes are generally governed by USSG § 2X1.1. See U.S. Sentencing Guidelines Manual § 2X1.1 (2001). "[W]here a defendant is convicted of an attempt crime not itself covered by a specific offense guideline, calculation of the defendant's sentence must be pursuant to § 2X1.1." United States v. Martinez, 342 F.3d 1203, 1205 (10th Cir. 2003) (USSG § 2X1.1 can apply even when the attempt crime and the completed offense are included in the same statute).

When an attempt crime is not expressly covered by another guideline, USSG § 2X1.1(a) first directs the sentencing court to calculate the defendant's offense level pursuant to the guideline applicable to the substantive offense. More specifically, the court must apply "[t]he base level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." See U.S. Sentencing Guidelines Manual § 2X1.1(a) (2001). "Under 2X1.1(a), the base offense level will be the same as that for the substantive offense. But the only specific offense characteristics from the guideline for the substantive offense

that apply are those that are determined to have been specifically intended or actually occurred." Id. at § 2X1.1 cmt. 2. USSG § 2X1.1(b) then directs the court to reduce that offense level in certain circumstances not applicable here.[2]

The substantive offense in the instant case was enticing a minor into engaging in sexual activity by use of a facility of interstate commerce, and the guideline section applicable to that offense is USSG § 2G1.1. That guideline contains certain cross references, including § 2G1.1(c)(1): "If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a person less than 18 years of age to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1." See U.S. Sentencing Guidelines Manual § 2G1.1(c)(1) (2001).

Defendant acknowledges that USSG § 2X1.1 directs courts to take into account the base offense level in the substantive offense guideline and all applicable adjustments, but contends that cross references are not "adjustments." Accordingly, he suggests that the court should have ignored USSG § 2G1.1(c)(1)'s cross reference provision. We disagree. Section 2X1.1(a)'s

_____

[2] Section 2X1.1(b)(1) states: "If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." In the instant case, the district court held that this offense level reduction did not apply, and Defendant has not contested that holding on appeal.

direction to apply the substantive base offense level and any applicable adjustments requires the court to apply any relevant cross references.

USSG § 1B1.5 provides express guidance about how we should interpret instructions to apply other offense guidelines. With exceptions not applicable here, "[a]n instruction to use the offense level from another offense guideline refers to the offense level from the entire offense guideline (i.e., the base offense level, specific offense characteristics, cross references, and special instructions)." See U.S. Sentencing Guidelines Manual § 1B1.5(b)(1). Further, other courts have concluded that USSG § 2X1.1(a)'s reference to "adjustments" includes any "specific offense characteristics, cross references, or special instructions contained in the particular guideline." See United States v. Cabrera, 288 F.3d 163, 168-69 (5th Cir. 2002) (emphasis added) (quotation omitted).

We likewise hold that the district court correctly applied USSG § 2X1.1(a). That guideline directed the court to apply USSG § 2G1.1 (including its cross reference provisions) in calculating Defendant's offense level.

## B. Defendant sought a minor victim "by notice or advertisement"

In the alternative, Defendant argues that even if USSG § 2X1.1 generally requires consideration of cross references located in the applicable substantive offense guideline, USSG § 2G1.1(c)(1) did not apply to the facts of this particular case. That cross reference applies when:

> [T]he offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a person less than 18 years of age to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

U.S. Sentencing Guidelines Manual § 2G1.1(c)(1) (2001). Defendant does not contest that his offense involved seeking a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. He argues only that he did not do so "by notice or advertisement." In particular, he asserts that the term "notice or advertisement" includes only widely disseminated communications, not Internet instant messaging.

We do not need to decide the scope of the phrase "notice or advertisement" because we can affirm this sentence enhancement on alternative grounds. We conclude that USSG § 2G1.1(c)(1) was applicable for an alternative reason not relied upon by the district court. In attempt cases, USSG § 2X1.1 directs courts to apply relevant adjustments to the applicable substantive base offense level based on conduct that was "specifically intended." See U.S. Sentencing Guidelines Manual §§ 2X1.1(b)(1), 2X1.1 cmt. 2. Here, it is beyond doubt that Defendant specifically intended to "cause" a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction. See United States v. Whitesell, 314 F.3d 1251, 1255 (11th Cir. 2002) (defining the term "causing" in a similar guideline as "producing an effect, result, or consequence" or "being responsible for an action or result"). That is enough to trigger USSG

- 8 -

§ 2G1.1(c)(1)'s cross reference in this case, as "the phrase 'by notice or advertisement' does not modify ... 'causing.'" See United States v. Crandon, 173 F.3d 122, 129 n.5 (3d Cir. 1999) (interpreting USSG § 2G2.2(c)(1), a cross reference identical to § 2G1.1(c)(1) in all respects relevant to this case).

## C. Defendant's Intended Victim was Less Than 16 Years Old

Defendant also challenges his two-level enhancement pursuant to USSG §§ 2G2.1(b)(1)(B). That enhancement provides for an increase of two offense levels when "the offense involved a victim who had ... attained the age of twelve years but not attained the age of sixteen years." U.S. Sentencing Guidelines Manual § 2G2.1(b)(1)(B) (2001). Defendant does not deny that he intended to victimize a 14-year-old girl, but contends only that this enhancement does not apply because the intended victim did not actually exist and because the officers with whom he communicated were not less than 16 years old. We reject Defendant's argument.

Because Defendant was convicted of an attempt, USSG § 2X1.1(a) instructed the sentencing court to apply "any adjustments ... for any intended offense conduct that can be established with reasonable certainty." See U.S. Sentencing Guidelines Manual § 2X1.1(a) (1991) (emphasis added); see also id. at § 2X1.1 cmt. 2 ("[T]he only specific offense characteristics ... that apply are those that are determined to have been specifically intended or actually occurred.")

(emphasis added).  As the guidelines make clear, the focus of our analysis is whether Defendant intended to victimize a person under 16 years of age.  It is not relevant that he was ultimately unable to do so due to circumstances outside his control.  In light of the undisputed evidence that Defendant's intent was to engage in sexual activity with a 14-year-old (not an undercover officer), we hold that the district court properly applied USSG § 2G2.1(b)(1)(B)'s two-level enhancement.

## II.    Booker claim

Defendant argues, for the first time on direct appeal,[3] that he is entitled to resentencing in light of Booker.  Booker applies "to all cases on direct review." Booker, 125 S. Ct. at 769.  Nevertheless, because Defendant did not raise this claim before the district court, we review only for plain error.  See United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights."  Id. (quotation omitted).  If Defendant meets these three requirements, then, "[u]nder the fourth prong of plain-error review, [this] court may exercise its discretion to notice forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. at 736.

> In Booker, the Court "reaffirm[ed that] [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding

---

[3]    This court granted Defendant's request to file supplemental briefs after the Supreme Court decided Booker.

> the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. As a result, the Court held that mandatory application of the Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a sentence.

Gonzalez-Huerta, 403 F.3d at 731. "To remedy this constitutional infirmity created by applying judge-found facts to mandatory sentencing guidelines, the [Booker] Court severed the provision of the Sentencing Reform Act making application of the Guidelines mandatory," 18 U.S.C. § 3553(b)(1). United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005).

"[T]here are two distinct types of error that a court sentencing prior to Booker could make." Gonzalez-Huerta, 403 F.3d at 731. First, the sentencing court could violate the Sixth Amendment "by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." Id. Second, even though the district court did not violate the Sixth Amendment, "a sentencing court could err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." Id. at 731-32.

In this case, Defendant asserts the district court violated the Sixth Amendment when the court used judge-found facts to enhance Defendant's

sentence. We disagree. There was no Sixth Amendment error here because Defendant, when he pled guilty, admitted the facts necessary for the district court to apply the guideline enhancements the court used in calculating Defendant's sentence. Specifically, Defendant admitted to using a computer to approach and engage a person Defendant thought was a fourteen year-old-girl in sexually explicit conversations for over one month; requested the girl send him sexually explicit photographs and sent her examples of sexually explicit photographs he asserted other minors had sent him; attempted to persuade the girl to have sex with him; "used his web cam to knowingly expose the minor to sexually explicit images of the defendant;" and sent the girl a bus ticket so that she could travel to meet Defendant and have sex with him. When authorities arrested Defendant as he was waiting for the girl's bus to arrive, Defendant admitted that he intended to have sex with, and take sexually explicit photographs of, the girl. There was, then, no constitutional Booker error in this case.

The district court did, however, commit non-constitutional plain error when the court treated the guidelines as mandatory rather than only advisory. See United States v. Williams, 403 F.3d 1188, 1199-1200 (10th Cir. 2005); Gonzalez-Huerta, 403 F.3d at 732. We need not decide if this error affected Crayton's substantial rights because Crayton, in any event, cannot meet the plain-error test's fourth prong. See United States v. Sierra-Castillo, 405 F.3d

932, 941 (10th Cir. 2005); Gonzalez-Huerta, 403 F.3d at 736. Crayton has failed

to meet his burden of showing that this plain error "seriously affects the fairness,

integrity, or public reputation of judicial proceedings" such that we should

exercise our discretion to notice and correct the error. Gonzalez-Huerta, 403 F.3d

at 736-37.

> The non-constitutional error in this case –
>
> that the District Court applied the Guidelines mandatorily – is only
> error insofar as it runs afoul of the Court's remedy for the
> unconstitutional implications of the Guidelines. This disconnect
> between the constitutional violation and the remedy makes Booker
> unique. While there is no doubt that the remedy cures the
> constitutional violations going forward, usually the cure for a
> constitutional violation directly relates to the constitutional violation.
> The fortuity of the Court's choice to excise [the statutory provision
> that makes the guidelines advisory] instead of a remedy more directly
> related to the underlying constitutional problem, is key to our
> determination that the District Court's erroneous – though not
> constitutionally erroneous – mandatory application of the Guidelines
> is not particularly egregious or a miscarriage of justice.

Id. at 738; see also Sierra-Castillo, 405 F.3d at 941.

Further, Crayton points to nothing in the record that would suggest that,

had the district court known it had discretion to go outside the applicable

guideline range, the district court would have done so in Crayton's case to

impose a shorter sentence. See Gonzalez-Huerta, 403 F.3d at 738-39. There is,

then, "no reason to suppose that the Guideline sentence is anything but fair and

reasonable" in this case. United States v. Trujillo-Terrazas, 405 F.3d 814, 820

(10th Cir. 2005). In fact, because the district court imposed a sentence within the applicable guideline range, Crayton "received a sentence similar to the sentence most similarly historied defendants in the United States would have received for the crime for which he was convicted." Gonzalez-Huerta, 403 F.3d at 743 (Ebel, J., concurring).

Moreover, even in applying the guidelines in a mandatory way, the district court still retained discretion to impose a sentence on Crayton anywhere in that applicable guideline range. See United States v. Lawrence, 405 F.3d 888, 908 (10th Cir. 2005). The district court chose to exercise that discretion by imposing a 108-month sentence, which fell in the middle of the applicable range of 97-121 months. In doing so, the district court rejected Defendant's request for a sentence at the lowest end of the range. There is, then, no "reason to think that the district judge would have imposed a less severe sentence in the exercise of his post-Booker discretion." United States v. Riccardi, 405 F.3d 852, 876 (10th Cir. 2005); see also United States v. Ambort, 405 F.3d 1109, 1118, 1120-21 (10th Cir. 2005) (declining to notice and correct constitutional plain-error under Booker where district court, in applying guidelines in mandatory manner, imposed sentence at top of applicable guideline range); Lawrence, 405 F.3d at 906, 908 (declining to notice and correct constitutional plain error under Booker where

district court, in applying guidelines in mandatory manner, imposed sentence above lowest end of the applicable guideline range).

For these reasons, then, "[c]ore notions of justice would not be offended if this court declined to notice a sentencing error that had no effect on [Crayton's] sentence." Lawrence, 405 F.3d at 908; see also Gonzalez-Huerta, 403 F.3d at 739. We, therefore, decline to notice and correct the non-constitutional Booker error evident in this case.

## CONCLUSION

For these reasons, we hold that the district court calculated Defendant's offense level correctly, and we therefore AFFIRM his sentence.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge