

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2007

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Williams" (2007). 2007 Decisions. Paper 541.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/541

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 06-2402

—————

UNITED STATES OF AMERICA

v.

SEBASTIAN WILLIAMS,

Appellant

—————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-00935-2)
District Judge: Hon. Garrett E. Brown, Jr.

—————

Submitted under Third Circuit LAR 34.1(a)
on March 29, 2007

Before: FISHER, JORDAN and ROTH, <u>Circuit Judges</u>

(Filed: August 27, 2007)

—————

O P I N I O N

—————

**ROTH**, Circuit Judge:

Sebastian Williams appeals the judgment of sentence imposed on him by the United States District Court for the District of New Jersey. He asserts violations of his Sixth Amendment right to a jury trial and his Fifth Amendment right to Due Process. Williams also asserts that the District Court erred in applying certain sentencing enhancements under the now-advisory Guidelines. Because the District Court satisfied the requirements we set forth in *United States v. Cooper*, 437 U.S. F.3d 324 (3d Cir. 2006), and because Williams's constitutional claims are foreclosed, we will affirm.

## I. Background and Procedural History

This case arose from a conspiracy to rob armored trucks that were transporting cash to and from various retail stores and banks. The conspiracy, which involved appellant Sebastian Williams, co-defendant Louis Hyman, and conspirators Kevin Henry and Dwayne Jones, involved two separate robberies. The first one occurred in March 2002. Williams and Hyman posed as construction workers and successfully held up the armored truck driver. The presentence report states that either Williams or Hyman, or possibly both of them, was armed. The second robbery occurred five months later, in August 2002. Williams was supposed to function as the "get-away" driver, but the plan was foiled and a shootout between an armed security guard and Williams's co-conspirators ensued, resulting in the arrest of all four conspirators.

Williams was charged with two counts of conspiracy to rob an armored truck in

2

violation of 18 U.S.C. § 1951 (the Hobbs Act). He was also charged with one count of using and carrying a firearm in connection with the first robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In March 2003, Williams was convicted by a jury on all three counts.

Williams was originally sentenced before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). With a total offense level of 31, Williams faced a Guidelines range of 135 to 168 months imprisonment. The District Court sentenced Williams under the then-mandatory Guidelines to 140 months on each of the two robbery counts, to be served concurrently. Williams received an additional mandatory sentence of 84 months imprisonment for the § 924(c) conviction, to be served consecutively, for a total term of 224 months imprisonment, followed by three years of supervised release. The court also ordered Williams to pay $650,896.55 in restitution.

Williams appealed. In May 2005, we affirmed the convictions but vacated and remanded for resentencing in light of *Booker*. At resentencing, the District Court referred to and agreed with the factual findings it had made at the original sentencing hearing to arrive at the same now-advisory Guideline range of 135 to 168 months. The District Court then considered the 18 U.S.C. § 3553(a) factors. Citing Williams's "history of recidivism," the court imposed the same sentence as before, finding a total term of 224 months to be "necessary," "reasonable," and "sufficient," given the various factors surrounding the case.

Williams timely appealed.

3

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

For questions of law, including the constitutionality of a guideline's application, we review the matter de novo. *United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir. 2005). We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines. *United States v. Newsome*, 439 F.3d 181, 184 (3d Cir. 2006). Additionally, we review underlying factual determinations made by the District Court for clear error. *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006).

## III. Discussion

### A. Jury Trial Right

Williams contends that, in light of *Booker*, sentencing facts found by the District Court should have been found by the jury beyond a reasonable doubt. However, in *Cooper*, we held that "[a]s before *Booker*, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." *United States v. Cooper,* 437 F.3d 324, 330 (3d Cir. 2006). Therefore, the District Court's factfinding by a preponderance of the evidence as to Guidelines enhancements did not violate the Sixth Amendment.

### B. Due Process

Williams contends that the *ex post facto* principles of the Due Process Clause were violated by the District Court's retroactive application of the remedial portion of the *Booker*

4

opinion. Williams argues that he received a sentence for pre-*Booker* conduct that is above the maximum applicable Guidelines range that could be established by the jury's verdict. This argument is foreclosed by our decision in *United States v. Pennavaria*, 445 F.3d 720 (3d Cir. 2006), where we joined our sister circuits in holding that sentencing under the advisory Guidelines does not violate *ex post facto* principles inherent in the Due Process Clause. *Id*. at 724. Therefore, the District Court did not violate Williams's rights under the Constitution.

## C. Enhancement for Intended but Unrealized Amount of Loss

Williams claims that the District Court erred, after considering U.S.S.G. § 2B3.1 and § 2X1.1, in imposing a four-level sentence enhancement for the intended but unrealized loss arising from the August 2002 robbery . We disagree.

Williams argues that § 2B3.1(b)(7)(E) only allows for enhancements based on *actual* loss incurred by the robbery. *See* § 2B3.1, Application Note 3. However, Williams was convicted of conspiracy to violate 18 U.S.C. §1951 (Hobbs Act). Therefore, § 1B1.2(a) instructed the District Court to "refer to § 2X1.1 as well as the guideline referenced [sic] in the Statutory Index for the substantive offense." Under § 2X1.1, when a robbery is unsuccessful, the amount of money intended to be stolen can be considered. The District Court correctly examined § 2X1.1 as well as § 2B3.1. *See United States v. Martinez*, 342 F.3d 1203, 1205-6 (10th Cir. 2003) (§ 2X1.1 is applicable loss guideline for attempted bank robbery); *United States v. Diaz*, 248 F.3d 1065, 1109 n.62 (11th Cir. 2001) (court correctly referred to § 2X1.1 which provides that in an attempted theft, court should consider the value

5

of the items the defendant attempted to steal).

**D. Enhancement for Co-Conspirator Brandishing Gun**

Williams argues that the District Court committed clear error by enhancing his sentence pursuant to U.S.S.G. § 2B3.1(b)(2)(C) for brandishing a firearm. "Brandished" means that "all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person." U.S.S.G. § 1B1.1, Application Note 1(C).[1] Williams alleges that this enhancement should not apply to him because there is no evidence in the record that any co-conspirator brandished or possessed a weapon during the August 2002 robbery.[2] Williams's claim, however, is contrary to the armored truck guard's testimony. At trial, the guard testified that he believed one of the attackers had a gun, pointed it at him, and may have even fired the weapon. This testimony supported the District Court's finding that a gun was brandished by Williams's co-conspirator. Because brandishing a gun was a reasonably foreseeable act in furtherance of a jointly undertaken criminal activity, *See* U.S.S.G. § 1B1.3(a)(1)(B), the District Court properly enhanced Williams's sentence. Therefore, the District Court did not err by enhancing Williams's

---

[1]Section 2B3.1 incorporates U.S.S.G. § 1B1.1's definition of "brandished." U.S.S.G. § 2B3.1, Application Note 1.

[2]The government's brief notes that this argument contradicts Williams's assertions that Jones, co-conspirator, had actually *fired* a weapon during the August robbery.

sentence under U.S.S.G. § 2B3.1(b)(2)(C).[3]

### E. 18 U.S.C. 924(c)(1)(A)(ii) Enhancement

Williams contends that his Sixth Amendment rights were violated when he was sentenced to a consecutive seven-year term of imprisonment under § 924(c) for brandishing the firearm. Williams contends that he should have received a five-year term instead, for mere use or carrying of a firearm, as found by the jury. Williams's claim lacks legal support. In *Harris v. United States*, 536 U.S. 545 (2002), the Supreme Court held that brandishing or discharging a firearm in violation of 18 U.S.C. § 924(c) are sentencing factors, rather than elements of the offense, that a judge may find to increase a mandatory minimum sentence.[4] *Id*. at 558. The standard of proof under the guidelines for sentencing facts is a preponderance of the evidence. *Cooper*, 437 F.3d at 330. Therefore, the District Court properly enhanced Williams's sentence.

---

[3]Williams argues that even if the guard did see a gun, it must have been either a fake gun or merely the hand of one of the conspirators. There is nothing in the record that even remotely supports this claim. The guard's sworn testimony shows that, while he was not certain whether a gun had been discharged, he was certain he saw a gun.

[4]Williams argues that *Harris* was overruled by *Booker*. Other Circuits have held *Harris* has not been overruled. *See e.g. United States v. Dare*, 425 F.3d 634, 641 (9th Cir. 2005) ("We agree that *Harris* is difficult to reconcile with the Supreme Court's recent Sixth Amendment jurisprudence, but *Harris* has not been overruled."); *United States v. Jones*, 418 F.3d 726, 732 (7th Cir. 2005) ("Under *Harris*, which the Supreme Court did not disturb in *Booker*, imposition of the . . . mandatory minimum sentence for a violation of 924(c)(1)(A)(iii) . . . did not violate the Sixth Amendment.").

## IV. Conclusion

For the foregoing reasons, we will **affirm** the judgment of sentence.