**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4325**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JENNIFER ANN BOYLES,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:11-cr-00373-TDS-1)

_____

Submitted: October 30, 2012       Decided: November 13, 2012

_____

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Ann Boyles pled guilty to accessory after the fact to robbery, 18 U.S.C. § 3 (2006), and received a term of eight months' imprisonment. Boyles appeals her sentence, arguing that the district court used an incorrect legal standard in overruling her objection to an increase for a firearm that was "otherwise used," as that term is defined in U.S. Sentencing Guidelines Manual § 2B3.1 (2011). We affirm.

Boyles drove Anthony Eric Hill and his friend, Lindsey Lee Robinson, to a convenience store, waited while Hill attempted to rob the store, then drove Hill to a hospital after he pointed his gun at the store clerk and the clerk's husband shot him. Boyles previously had driven Hill before and after he committed an armed robbery. She was aware on this occasion that Hill intended to rob the store and saw a gun in his hand when he got out of her car to commit the robbery. Boyles was initially charged with robbery in conjunction with Hill and Robinson, but pled guilty to an information charging her with being an accessory after the fact to the robbery. She cooperated with the government and testified at Robinson's trial.

In the presentence report, the probation officer calculated Boyles' offense level by beginning with the base offense level of 20 from § 2X3.1 (Accessory After the Fact) and USSG § 2B3.1 (Robbery), adding 6 levels for an offense in which

2

a firearm is not discharged, but is "otherwise used," see § 2B3.1(b)(2)(B), and subtracting 6 levels as directed by § 2X3.1. With a 3-level reduction for acceptance of responsibility, see USSG § 3E1.1, Boyles' total offense level was 17. She was in criminal history category I, which gave her a recommended advisory Guidelines range of 24-30 months. Boyles objected to the 6-level increase for a gun that was "otherwise used" on the ground that the enhancement was applicable only if she "knew or should have known"[1] that Hill would "otherwise use" the firearm in the commission of the robbery, i.e., point the firearm at the clerk. Boyles contends that there was no evidence to support that conclusion.

The district court overruled Boyles' objection, finding that "it was reasonably foreseeable to Miss Boyles that Mr. Hill would have used the firearm, as that term is contemplated within the guidelines." When defense counsel protested that the mere fact that Boyles saw Hill with the gun drawn as he went into the store did not establish that she had "reason to know" that he would do more than brandish it, the court noted that her "case would be stronger if [Hill] walked out of the car with the handgun drawn and then said, I am not going to point it at anybody. I am not going to do anything

---

[1] See USSG § 2X3.1 cmt. n.1; USSG § 1B1.3 cmt. n.10.

3

with it." The district court varied Boyles' sentence downward to 12 months based on the 18 U.S.C. § 3553(a) (2006) sentencing factors, then reduced the sentence again on the government's motion for a substantial assistance departure, which resulted in an 8-month sentence.

Generally, we review a sentence for reasonableness under an abuse of discretion standard, which requires consideration of both the procedural and substantive reasonableness of the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Improper calculation of the Guidelines range constitutes significant procedural error. Id. The district court's determination of the offense level for the underlying offense within the meaning of § 2X3.1(a) is an issue of Guidelines interpretation that is reviewed de novo. United States v. Cross, 371 F.3d 176, 180 (4th Cir. 2004). However, properly preserved claims of procedural error are also reviewed for harmlessness. Puckett v. United States, 556 U.S. 129, 141 (2009); United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir.), cert. denied, 132 S. Ct. 454 (2011). Although Boyles did not object to the district court's use of the term "reasonably foreseeable," "[a] party may preserve a claim of error by informing the court–when the court ruling or order is made or sought–of the action the party wishes the court to take[.]"

Fed. R. Crim. P. 51(b) (quoted in United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010.)

As discussed above, Application Note 1 to § 2X3.1 directs the district court to apply the base offense level for the underlying offense, plus any specific offense characteristics "that were known, or reasonably should have been known" to the defendant. Application Note 1 to § 2X3.1 also cites Application Note 10 to USSG § 1B1.3 (Relevant Conduct), which states that the defendant's relevant conduct, for a conviction of accessory after the fact, includes "all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant."

Boyles contends that the district court erred procedurally by finding that Hill's use of his firearm during the robbery was "reasonably foreseeable"[2] to her, rather than applying the "known or reasonably should have been known" standard prescribed for accessory after the fact convictions. Boyles further contends that the error was not harmless because the two standards are significantly different and the district court failed to make factual findings under the correct standard.

---

[2] See USSG § 1B1.3(a)(1)(B).

5

Boyles relies on an unpublished Fourth Circuit case and two Sixth Circuit cases, all of which are distinguishable. See United States v. Palmer, No. 97-4684, 1998 WL 654442 (4th Cir. Sept. 21, 1998) (unpublished); United States v. Anderson, 416 F. App'x 533 (6th Cir. 2011); United States v. Wuliger, 981 F.2d 1497, 1504 (6th Cir. 1992). The defendant in Palmer only became involved in the crime several days after the crime was committed. Although the other decisions deal with language similar to the terms at issue in this case, they do not address accessory after the fact sentences and are not relevant here.

The government argues that, if the district court erred, the error was harmless, pointing out that courts have used the terms "known or reasonably should have been known" and "reasonably foreseeable" interchangeably in discussing sentences imposed for an accessory after the fact conviction. See United States v. Goodbear, 676 F.3d 904, 911 (9th Cir. 2012); United States v. Martinez, 342 F.3d 1203, 1209 n.6 (10th Cir. 2003).

We conclude that the district court erred by using the term "reasonably foreseeable" in making its finding on Boyles's objection to the 6-level increase for a firearm otherwise used; however, the error was harmless. As Boyles notes in her reply brief, the "reasonably foreseeable" standard is prospective, that is, the district court asks whether the defendant could

6

anticipate that his co-defendants might take certain actions and thus makes himself accountable for their conduct by continuing in the joint criminal activity with that knowledge. By contrast, the "known or reasonably should have been known" standard is retrospective; the court asks whether the defendant knew or should have known that certain conduct had already occurred when he involves himself in the crime by assisting the criminal.

Here, Boyles actually participated in the robbery but was allowed to plead guilty to accessory after the fact. The facts of her case were thus atypical for an accessory after the fact conviction, and may explain the district court's use of the "reasonably foreseeable" test. We are satisfied that the court's analysis would not have been different had it used the "known or reasonably should have been known" test. The facts before the court would still have been that Boyles had previously participated in an armed robbery committed by Hill and that she saw Hill go into the store with a gun in his hand to commit the current robbery. Her participation was not conditioned, either before or after the robbery, on any limitations on Hill's use of the gun. We conclude that the district court's error did not affect its findings, and that the district court correctly determined that Boyles was accountable for Hill's use of the firearm during the robbery.

7

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

8